FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10415 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00647-RS-1 |
| v. | |
| ARNOLDO FARIAS-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted October 7, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Arnoldo Farias-Sanchez appeals the district court's denial of his motion to

suppress evidence of drugs and guns found in his apartment. Following the denial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2)(C).

of his suppression motion, Farias-Sanchez pled guilty to possession of methamphetamine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's denial of Farias-Sanchez's motion to suppress de novo and its underlying findings of fact for clear error, *see United States v. Rodgers*, 656 F.3d 1023, 1026 (9th Cir. 2011), we affirm.

As an initial matter, Farias-Sanchez requests remand for review of a sealed affidavit from a confidential informant, which the state judge relied on in issuing the search warrant. Farias-Sanchez waived his ability to raise this particular issue in his plea agreement. *See United States v. Alexander*, 761 F.2d 1294, 1303 (9th Cir. 1985).

We review de novo whether probable cause existed. *Rodgers*, 656 F.3d at 1026. Giving no deference to the issuing state judge, it is clear that there is sufficient probable cause to support the search warrant even without the sealed information from the confidential informant. *See United States v. Kelley*, 482 F.3d 1047, 1051 (9th Cir. 2007). Special Agent Green's affidavit thoroughly details five surveillance missions, in which officers observed Farias-Sanchez participate in several suspicious meetings and engage in counter-surveillance driving. Special

Agent Green's affidavit also included information that the officers learned about Farias-Sanchez during the course of their investigation, including the fact that thirteen ounces of methamphetamine, approximately $5,000 in cash, and a "pay-owe" sheet were found in Farias-Sanchez's car just one year earlier. Officers also observed Farias-Sanchez interact with people with known drug associations. On appeal, Farias-Sanchez offers a possible innocent explanation for each of his activities. But, as recognized by the district court, Farias-Sanchez's approach is inconsistent with the totality-of-the-circumstances standard. *See United States v. Ocampo*, 937 F.2d 485, 490 (9th Cir. 1991). Considering the totality of the circumstances, we hold that Special Agent Green's affidavit established a fair probability that Farias-Sanchez possessed methamphetamine with the intent to distribute, allowing issuance of the search warrant. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983).

**AFFIRMED.**